IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

EFRAIN HERNANDEZ, )
)
Plaintiff, )
) CIVIL ACTION NO. 1:21-cv-164
v. )
)
ZERO WASTE RECYCLING, LLC )
) **JURY TRIAL DEMANDED**
Defendant. )

**COMPLAINT**

COMES NOW Efrain Hernandez ("Hernandez"), Plaintiff herein, and files this Complaint against the above-named Defendant, Zero Waste Recycling, LLC ("ZWR") as follows:

**Introduction**

This is a lawsuit resulting from the willful violations of the Emergency Paid Sick Leave Act, the Emergency Family Medical Leave Expansion Act, and the Families First Coronavirus Response Act (as actionable through the Fair Labor Standards Act ("FLSA")) through the conduct of Defendant against Plaintiff, as well as Defendant's common law and statutory obligations to Plaintiff. Hernandez seeks damages, pre-judgment interest, costs (including attorney's fees), and equitable and declaratory relief to the fullest extent allowed by law.

**I. THE PARTIES**

1. Plaintiff Efrain Hernandez is and at all times material hereto has been a female citizen of the United States and a resident of Grovetown, Georgia. Plaintiff was an "employee" of Defendant as that term is defined under the FLSA and related applicable case law.

1. Defendant Zero Waste Recycling, LLC is a corporation based in Charlotte, North Carolina, which conducts business within this State and District and maintains its principal place of business at 301 Dupree Street, Charlotte, North Carolina, 28208. Zero Waste is a corporation specializing in waste management. Zero Waste is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served through its registered agent, Registered Agents Inc., 300 Colonist Center Parkway STE 100N, Roswell, GA 30076.

2. Zero Waste was and is an "employer" within the meaning of the FLSA.

## II. JURISDICTION AND VENUE

6. Plaintiff Hernandez performed work for Defendants within the jurisdiction of this Court. Plaintiff Hernandez was terminated on or about May 25, 2020.

2. At all times material herein, Defendant has been authorized to conduct business within the State of Georgia, has transacted business in the State of Georgia, employed Plaintiff in the State of Georgia, and has regularly solicited business and derived substantial revenue from goods used and/or services rendered in the State of Georgia.

3. Venue for this action is proper in this district and division pursuant to 28 U.S.C. § 1391 because Plaintiff resides in this judicial district, all of the and events and omissions giving rise to the claims herein occurred in this judicial district, and the employment at issue and events giving rise to the claims herein occurred in this district and division.

4. This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331.

## III. FACTS SUPPORTING PLAINTIFF'S CLAIMS

5. Plaintiff first worked for Defendant as a bailer May through October, 2018. Plaintiff worked again for Defendant as a bailer between February and May, 2020. Plaintiff's job duties as a bailer included running a bailer machine to compress and bind cardboard.

6. On May 12, 2020, Plaintiff was sent home by Defendant home due to having a fever.

7. On May 12, 2020, Plaintiff went to Augusta University Hospital to be treated for his illness.

8. During his visit, Plaintiff's medical practitioner, Dr. Rolando Torres, recommended that Plaintiff self-quarantine for two weeks out of concerns that Plaintiff had contracted COVID-19.

9. After his visit, Plaintiff informed Defendant that his medical practitioner recommended a 14-day quarantine.

10. Plaintiff was not paid during this quarantine.

11. Instead, Plaintiff's employment was terminated on May 25, 2020 – thirteen days after Plaintiff's self-quarantine began.

## IV. PLAINTIFF'S CLAIMS

### **Count One: Violation of the Emergency Paid Sick Leave Act ("EPSLA") 29 C.F.R. § 826.20- Unpaid Sick Leave**

12. Plaintiff worked for Defendant at least 30 calendar days prior to his EPSLA leave should have begun, and was thus eligible for EPSLA leave.

13. The EPSLA went into effect on April 2, 2020, and expired on December 31, 2020, and it required all covered employers to provide paid sick leave to employees with one of six qualifying conditions. 29 C.F.R. § 826.20.

14. One of the provisions of the EPSLA is that the employee be "advised by a health care provider to self-quarantine."

15. Plaintiff was at all times material hereto an "employee" as that term is defined by 29 U.S.C. § 203(e), and incorporated into the EPSLA at 29 C.F.R. § 826.10(a).

16. Plaintiff was at all times material hereto an "eligible employee" for purposes of the EPSLA, as that term is defined by 29 U.S.C. § 826.10.

17. Defendant was at all times material hereto Plaintiff's "employer" as that term is defined by 29 C.F.R. § 826.10(a)(i).

18. Defendant was at all times material hereto engaged in commerce or in an industry or activity affecting commerce that employed less than 500 employees.

19. Plaintiff informed Defendant that his health care provider had recommended that he self-quarantine for 14 days.

20. Defendant failed to compensate Plaintiff while on leave, and terminated his employment while on leave.

21. Defendant's failure to provide paid sick leave violated the EPSLA and also amounts to a failure to pay Plaintiff minimum wage as required by Section 6 of the FLSA. 29 U.S.C. § 206. See 29 CFR § 826.151(b). As a direct and proximate result of Defendants' violation(s) of the EPSLA, Plaintiff is entitled to payment of his "average regular rate" of pay for the two weeks during which it was recommended that he self-quarantine and an equal amount as liquidated damages. Plaintiff is further entitled attorney's fees and costs of this action.

22. Pursuant to 29 C.F.R. § 826.150, Plaintiff seeks recovery of the wages that he would have been entitled to pursuant to the EPSLA, plus an equal amount of liquidated damages, plus his attorney's fees and costs.

## Count Two: Violation of the Emergency Paid Sick Leave Act ("EPSLA") 29 C.F.R. § 826.20- Wrongful Termination

23. Plaintiff informed Defendant of his medical provider's recommendation to self-quarantine for 14 days.

24. Defendant responded by terminating Plaintiff's employment.

25. As a direct and proximate result of Defendant's violation(s) of the EPSLA, Plaintiff was terminated.

26. Plaintiff's termination for taking leave under the EPSLA violates Section 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3), and allows Plaintiff to bring a claim under Sections 16 and 17 of the FLSA, 29 U.S.C. §§ 216 and 217.

27. Pursuant to 29 C.F.R. § 826.150(2), Plaintiff seeks recovery of the wages and benefits that he would have been entitled since his termination, future lost wages and benefits, and an equal amount of liquidated damages, with interest, plus his attorney's fees and costs.

**Count Three: Violation of the Emergency Family Medical Leave Expansion Act ("EFMLEA"), 29 C.F.R. § 826.10(a)**

28. Plaintiff worked for Defendant at least 30 calendar days prior to his EFMLEA leave should have begun, so was eligible for EFMLEA leave.

29. Plaintiff was at all times material hereto an "employee" for purposes of the EFMLEA.

30. Plaintiff was at all times material hereto an "eligible employee" for purposes of the EFMLEA.

31. Defendant was at all times material hereto Plaintiff's "employer" as that term is defined at 29 C.F.R. § 826.10(a)(i).

32. The EFMLEA went into effect on April 2, 2020, and it provides, in pertinent part, "The Employee has been advised by a health care provider to self-quarantine due to concerns related to COVID-19." 29 C.F.R. § 826.20(a)(1)(i).

33. Plaintiff informed Defendant that his health care provider had recommended that he self-quarantine for 14 days.

34. Defendant's response was to terminate Plaintiff's employment before the expiration of the 14 days.

35. Pursuant to 29 C.F.R. § 826.150(2), Plaintiff seeks recovery of the wages that he would have been entitled to pursuant to the EPSLA, plus an equal amount of liquidated damages, plus his attorney's fees and costs.

**Count Four: Violations of the Families First Coronavirus Response Act ("FFCRA"), 29 U.S.C. § 5101, et seq.**

36. Employees qualify for paid sick time if they are unable to work after having "been advised by a health care provider to self-quarantine related to COVID-19."

37. Defendant failed to pay Plaintiff for his sick leave after he was advised by a health-care provider to self-quarantine.

38. In retaliation for taking sick leave pursuant to the FFCRA, Defendant terminated Plaintiff's employment in violation of the FFCRA.

39. Defendant knew or should have known that its actions violated the FFCRA.

**Relief Sought**

Plaintiff Hernandez seeks a judgment against Defendants granting Plaintiff Hernandez compensatory (including, but not limited to back pay, front pay, and loss of benefits) damages, liquidated damages, interest, attorneys' fees, costs of litigation, and any and all additional relief as an empaneled jury and this Court deem appropriate.

## Conclusion

WHEREFORE Plaintiff respectfully requests a **trial by jury** on all of Plaintiff's claims which are so triable, and that judgment be entered in Plaintiff's favor and against Defendants on all counts set forth above.

Respectfully submitted this 1st day of November, 2021.

*Tyler B. Kaspers*
Tyler B. Kaspers, Ga. Bar No. 445708
THE KASPERS FIRM, LLC
152 New Street, Suite 109B
Macon, GA 31201
404-944-3128 (Phone)
tyler@kaspersfirm.com