IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| EFRAIN HERNANDEZ, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CV 121-164 |
| | * | |
| ZERO WASTE RECYCLING, LLC, | * | |
| | * | |
| Defendant. | * | |

**O R D E R**

Before the Court is the Parties' "Amended Joint Motion for Approval of Settlement Agreement." (Doc. 11.) Plaintiff asserts claims against Defendant for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*, as amended, and seeks to recover unpaid overtime wages. (Doc. 1, at 1.) Pursuant to Eleventh Circuit precedent and the FLSA, the Court is required to scrutinize the proposed settlement agreement for fairness before approving it and entering judgment. For the following reasons, the Parties' motion is **GRANTED**.

**I. DISCUSSION**

This is the Parties' second motion for settlement approval. On March 31, 2022, the Court denied the Parties' first joint motion for settlement approval in spite of the presence of a bona fide dispute. (Doc. 10, at 4.) The Court denied the first agreement

due to its extensive release provision, the Parties' failure to provide documentation supporting their request for attorney's fees, and the Parties' failure to demonstrate Plaintiff's range of possible recovery. (Id. at 4-8.)

On this renewed motion, the attorneys submitted detailed billing records showing the hours Attorney Kaspers spent on this case, as well as his hourly rate - $300.00 - culminating in a proposed award of attorney's fees totaling $7,500. (Doc. 11, at 3, 14-16.) The Court has previously found that $300.00 is a reasonable hourly rate in the Augusta market. See Whitesell Corp. v. Electrolux Home Prods., Inc., No. CV 103-050, 2019 WL 1714135, at *2 (S.D. Ga. Apr. 17, 2019) (citations omitted). After a careful review of the billing records, the Court also finds the total amount of hours worked by Attorney Kaspers reasonable. Thus, the Court will not conduct an hour-by-hour analysis and **APPROVES** the requested award for attorney's fees. See Bivins v. Wrap It Up, Inc., 548 F.3d 1348, 1350 (11th Cir. 2008).

The Parties also amended the proposed release provision to limit the released claims to those "regarding any and all claims brought pursuant to the [FLSA]." (Doc. 11, at 7.) This provision limits the released claims to those Plaintiff could have brought under the FLSA; therefore, the release provision is acceptable. See Melvin v. People Sales & Profit Co., No. CV 214-012, 2015 WL 13648559, at *1 (S.D. Ga. Jan. 23, 2015) (noting that "an employer is not entitled to use a FLSA claim . . . to leverage a release

2

from liability unconnected to the FLSA" (internal citation and quotation omitted)).

Finally, the Court notes that the agreed-upon settlement amount represents a compromise, so the Court must scrutinize the settlement agreement for fairness and reasonableness. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354 (11th Cir. 1982). Courts consider several factors in determining whether FLSA settlements are fair and reasonable:

> (1) the existence of fraud or collusion behind the settlement; (2) the complexity, risk, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the strength of the plaintiff's case and the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel.

Hirsch v. Mister Sparky, Inc., No. 1:09-CV-2897, 2010 WL 11603091, at *2 (N.D. Ga. Oct. 19, 2010). Courts apply a strong presumption of fairness to FLSA settlements. Kyles v. Health First, Inc., No. 6:09-cv-1248, 2010 WL 11626713, at *2 (M.D. Fla. Oct. 26, 2010) (citing Cotton v. Hinton, 559 F.2d 1326, 1331 (5th Cir. 1977)).

The revised settlement agreement provides that Plaintiff will recover $8,250.00 in back pay plus $8,250.00 in liquidated damages. (Doc. 11, at 6.) The Parties show that Plaintiff's "potential back pay award . . . would have been" $22,880.00. (Doc. 11, at 3.) The Parties note that "Plaintiff typically worked forty hours per week or less," and specifically note that Defendant contends it "had a legitimate, non-retaliatory reason for any challenged

3

employment action" and that "Plaintiff faced the prospect of failing to convince a jury to award any damages, or of obtaining a reduced amount of damages." (Id. at 2, 3.) The Parties thus represent this "is a fair and reasonable settlement under the circumstances at hand." (Id. at 1.) Upon due consideration, and in light of the above-enumerated factors, the Court agrees that the Parties' settlement represents a fair and reasonable compromise and **APPROVES** the settlement amount.

## II. CONCLUSION

Based on the foregoing, the Court **GRANTS** the Parties' renewed motion and **APPROVES** their settlement. (Doc. 11.) The Parties **SHALL** file a stipulation of dismissal with the Court within **FOURTEEN (14) DAYS** of the receipt of payment by Plaintiff, or a status update if payment is not received by that time.

**ORDER ENTERED** at Augusta, Georgia, this 16th day of May, 2022.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA